MINNIE COHEN and Others, Appellants, v. ABRAHAM LIEBHOFF, Respondent.— Order granting defendant's motion and denying plaintiffs' motion for the direction of a verdict and for judgment, and judgment dismissing complaint on the merits and directing that plaintiffs specifically perform, reversed upon the law and the facts, with costs, defendant's motion denied, and judgment directed for plaintiffs for the amount demanded in the complaint, with interest and costs. Order denying plaintiffs' motion to set aside the special verdict reversed upon the law and the facts and motion granted, without costs. Although by the terms of the contract defendant agreed to sell to plaintiffs a lot eighty-five feet in depth, the proof shows that the lot has a depth of but eighty feet. The contract contains a provision that the seller shall give and the purchasers shall take and accept a title " such as the Title Guarantee & Trust Co. will approve and insure." There is no proof in the case that in the circumstances the title company would insure for a lot eighty-five feet in depth. The special verdict was contrary to the evidence. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Order denying motion to set aside verdict and for a new trial reversed and motion granted to the extent of setting aside the verdict, without costs. Lazansky, P. J., Young and Seeger, JJ., concur; Rich and Scudder, JJ., dissent and vote to affirm. Settle order on notice.

BRIDGET DALTON, as Administratrix, etc., of EDWARD DALTON, Deceased, Respondent, v. SILBERMAN DAIRY Co., INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

COSIMO DANIELS, Respondent, v. CITY OF MOUNT VERNON, Appellant.*— Judgment of the County Court of Westchester county reversed upon the law, with costs, and complaint dismissed, with costs. Plaintiff was guilty of contributory negligence as matter of law. Order denying motion to set aside the verdict and for a new trial reversed upon the law, without costs, and motion granted, with ten dollars costs, to the extent of setting aside the verdict and dismissing the complaint. Rich, Hagarty and Scudder, JJ., concur; Young and Seeger, JJ., dissent and vote to affirm upon the ground that it was a question of fact as to whether or not plaintiff was guilty of contributory negligence, and the determination of the jury should not be disturbed.